UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BLAKE H. STOVER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-341 |
| | § | |
| RUBEN SALINAS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Blake Stover is in the custody of the U.S. Bureau of Prisons at FCI Three Rivers in Three Rivers, Texas. (D.E. 1, Page 4). He filed this *pro se* petition for writ of habeas corpus seeking to have his sentence vacated. His petition was filed pursuant to 28 U.S.C. § 2241. On February 2, 2018, Respondent filed the pending Motion to Dismiss. (D.E. 10). Petitioner filed a response on February 23, 2018. (D.E. 12). For the reasons stated below, it is respectfully recommended that Petitioner's cause of action be **DISMISSED**. Alternatively, it is respectfully recommended this Court **TRANSFER** this action to the Western District of Oklahoma.

### I. BACKGROUND

On July 2, 2001, Petitioner was convicted of multiple manufacturing and drug trafficking crimes by a jury in the United States District Court for the Western District of Oklahoma, including two counts of having violated 18 U.S.C. § 924(c)(1) (knowingly using and carrying a firearm in relation to a drug trafficking crime) (D.E. 11-1, Page 2-3) (Counts

Two and Seven).[1]  For the two counts Petitioner seeks to challenge in this action, Counts Two and Seven, Petitioner received a term of 60 months and 300 months, both "not [to] run concurrently with any other term of confinement." (D.E. 11-1, Page 3).  His conviction was affirmed on direct appeal.  *United States v. Stover*, 57 F. App'x 351 (10th Cir. Dec. 31, 2002), *cert. denied*, 539 U.S. 909 (2003).

On May 24, 2004, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence in the Western District of Oklahoma, which was dismissed on August 16, 2007.  *See United States v. Stover*, Nos. 00-cr-115M, 4-cv-646M, 2007 WL 2363289 (W.D. Okla. Aug. 16, 2007).  Petitioner's appeal of this denial was dismissed on September 12, 2008 by the United States Court of Appeal for the Tenth Circuit.  *United States of America v. Stover*, No. 07-6202, 292 F. App'x 755 (10th Cir. Sept. 12, 2008) (Order Denying Certificate of Appealability and Dismissing Appeal).

Petitioner subsequently sought authorization to file a second or successive habeas petition pursuant to 28 U.S.C. § 2255 asserting he was actually innocent of Count Two because the evidence introduced at trial was insufficient to show he used the gun in connection with a drug offense.  *United States of America v. Stover*, No. 11-6148 (10th Cir. June 14, 2011) (Order).  Specifically, Petitioner argued the decision in *Watson v. United*

---

[1] For his other convictions on the other counts not at issue in this case, Petitioner originally received a life sentence. (D.E. 11-1, Page 3). Specifically, Petitioner received a sentence of life on Count 1 (conspiracy to manufacture, to possess with intent to distribute methamphetamine and cocaine). (D.E. 11-1, Pages 2-3). Petitioner also received 240 months on Counts 3, 4, 10 and 12; 480 months on Counts 8 and 11, both not to run concurrently with any other term of confinement; and 120 months on Count 13 to run concurrently. (D.E. 11-1, Page 3). However, on September 7, 2016, Petitioner received a sentence reduction pursuant to 18 U.S.C. § 3582(c), reducing his life sentence under Count 1 to 360 months and under Counts 8 and 11 to 360 months. (D.E. 10-5). Sentences on the other counts remain unchanged. (D.E. 10-5).

*States*, 552 U.S. 74 (2007),[2] was a new law that proved his actual innocence within the meaning of 18 U.S.C. § 924(c)(1) and applied to his case retroactively. *United States of America v. Stover*, No. 11-6148 (10th Cir. June 14, 2011) (Order). Petitioner's motion was denied by the Tenth Circuit on June 14, 2011. *United States of America v. Stover*, No. 11-6148 (10th Cir. June 14, 2011) (Order); (D.E. 10-2). As reasons for the denial, the Tenth Circuit found *Watson* was not a "new" case as it was decided in 2007, did not constitute a "new rule of constitutional law" and instead "involved a question of statutory interpretation," and was not made retroactive to cases on collateral review. *Id*. The Tenth Circuit further found "*Watson*'s holding does not apply to the facts in Mr. Stover's case" as "he ultimately exchanged [a] gun for drugs." *Id*. The Tenth Circuit concluded Petitioner's "case falls squarely within the holding of the Supreme Court's decision in *Smith*" "which held that 'a criminal who trades his firearm for drugs 'uses' it during and in relation to a drug trafficking offense within the meaning of § 924(c)(1)." *Id*. (citing *Smith v. United States*, 508 U.S. 223, 241 (1993)).

On October 30, 2017, Petitioner filed the pending habeas action pursuant to 28 U.S.C. § 2241 asserting he is actually innocent of the firearm offense in Counts Two and Seven as he was convicted of trading drugs for a firearm, not a firearm for drugs, and *Watson* had not yet been decided at the time he initially sought relief pursuant to 28 U.S.C. § 2255. (D.E. 1).

---

[2]In *Watson*, the Supreme Court held that a defendant cannot be convicted of "using" a firearm during the commission of a drug offense pursuant to 18 U.S.C. § 924(c) when he merely receives it in exchange for drugs. 552 U.S. at 76, 83. The Court did not overrule existing precedent conversely holding that the act of trading a firearm for drug properly falls with the ambit of § 924(c). *Id*. at 79-81 (distinguishing *Smith v. United States*, 508 U.S.C. 223 (1993)).

## II. PETITTION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 Fed. App'x. 458 (5th Cir. 2013).

In contrast, a § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack*, 218 F.3d at 451. A § 2255 motion must be filed in the sentencing court. *Id.*; *Eckles v. Chandler*, 574 Fed. App'x. 446 (5th Cir. 2014). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack,* 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (same).

Petitioner's pending habeas claim challenges the validity of his conviction and sentence on both Counts Two and Seven, rather than the execution of his sentence. Because Petitioner's complaint relates to the merits of his conviction, not to the interpretation or carrying out of his sentence by the Bureau of Prisons, Petitioner must challenge his sentence in the sentencing court through a § 2255 action, unless he qualifies for relief pursuant to § 2255's savings clause. 28 U.S.C. § 2255(e).

Petitioner may bring his claim pursuant to § 2241 by showing that § 2255 is inadequate to challenge the legality of his conviction. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000). The savings clause provides as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

A petitioner must satisfy a stringent two-prong test before he may invoke the savings clause of § 2255(e). The savings clause applies to a claim (i) that is based upon a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, and (ii) that was foreclosed by circuit law at the time the claim should have been raised at trial, on appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Under such circumstances, it can be fairly said that the remedy by a successive § 2255 motion is inadequate.

However, in this instance, the Tenth Circuit has already found that "*Watson*'s holding does not apply to the facts in Mr. Stover's case" as "he ultimately exchanged [a] gun for drugs." *United States of America v. Stover*, No. 11-6148 (10th Cir. June 14, 2011) (Order); (D.E. 10-2). The Tenth Circuit concluded Petitioner's "case falls squarely within the holding of the Supreme Court's decision in *Smith*" "which held that 'a criminal who trades his firearm for drugs 'uses' it during and in relation to a drug trafficking offense within the meaning of § 924(c)(1)." *Id*. (citing *Smith v. United States*, 508 U.S. 223, 241 (1993)). While Petitioner asserts the Tenth Circuit's decision is incorrect and he actually traded drugs for a gun and not a gun for drugs, there is insufficient evidence in the record to support that argument.

5 / 7

Therefore, Petitioner has not established he can meet the requirements of the savings clause to file a § 2241 petition. Petitioner is challenging the validity of his sentence in the Western District of Oklahoma using an argument previously rejected by the Tenth Circuit Court of Appeals. He must follow the requirements of § 2255. Accordingly, it is recommended that Petitioner's habeas action be **DISMISSED**. Alternatively, it is undisputed that this Court has the authority to transfer this case to the Western District of Oklahoma pursuant to 28 U.S.C. §§1404 and 1406. (D.E. 10, Pages 10-12 and D.E. 12, Page 7) (For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §§ 1404(a) and 1406(a)). Therefore, if the Court finds dismissal inappropriate, it is respectfully recommended this Court **TRANSFER** this action to the Western District of Oklahoma for the reasons set forth by Respondent in the pending Motion.

### III. RECOMMENDATION

For the reasons stated, it is respectfully recommended that Petitioner's 28 U.S.C. § 2241 cause of action be **DISMISSED**. Alternatively, it is recommended this case be **TRANSFERRED** to the Western District of Oklahoma.

Respectfully submitted this 30th day of March, 2018.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).