IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BLAKE H. STOVER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL NO. 2:17-CV-341 |
| | § | |
| RUBEN SALINAS, | § | |
| | § | |
| Respondent. | § | |

## ORDER

The Court has received the government's motion to dismiss, Dkt. No. 10, the Magistrate Judge's Memorandum and Recommendation ("M&R"), Dkt. No. 13, and Petitioner's objections to the M&R, Dkt. No. 15. For the reasons below, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the M&R and **GRANTS** the motion to dismiss.

I.  Background

The Court adopts the Magistrate Judge's description of the case history:

On July 2, 2001, Petitioner was convicted of multiple manufacturing and drug trafficking crimes by a jury in the United States District Court for the Western District of Oklahoma, including two counts of having violated 18 U.S.C. § 924(c)(1) (knowingly using and carrying a firearm in relation to a drug trafficking crime) (D.E. 11-1, Page 2–3) (Counts Two and Seven).[1] For the two counts Petitioner seeks to challenge in this action, Counts Two and Seven, Petitioner received a term of 60 months and 300 months, both "not [to] run concurrently with any other term of confinement." (D.E. 11-1, Page 3). His

---

[1] For his other convictions on the other counts not at issue in this case, Petitioner originally received a life sentence. (D.E. 11-1, Page 3). Specifically, Petitioner received a sentence of life on Count 1 (conspiracy to manufacture, to possess with intent to distribute methamphetamine and cocaine). (D.E. 11-1, Pages 2–3). Petitioner also received 240 months on Counts 3, 4, 10 and 12; 480 months on Counts 8 and 11, both not to run concurrently with any other term of confinement; and 120 months on Count 13 to run concurrently. (D.E. 11-1, Page 3). However, on September 7, 2016, Petitioner received a sentence reduction pursuant to 18 U.S.C. § 3582(c), reducing his life sentence under Count 1 to 360 months and under Counts 8 and 11 to 360 months. (D.E. 10-5). Sentences on the other counts remain unchanged. (D.E. 10-5).

conviction was affirmed on direct appeal. *United States v. Stover*, 57 F. App'x 351 (10th Cir. Dec. 31, 2002), *cert. denied*, 539 U.S. 909 (2003).

On May 24, 2004, Petitioner filed a habeas petition pursuant to 29 U.S.C. § 2255, challenging his conviction and sentence in the Western District of Oklahoma, which was dismissed on August 16, 2007. *See United States v. Stover*, Nos. 00-cr-115M, 4-cv-646M, 2007 WL 2363289 (W.D. Okla. Aug. 16, 2007). Petitioner's appeal of this denial was dismissed on September 12, 2008 by the United States Court of Appeal for the Tenth Circuit. *United States of America v. Stover*, No. 07-6202, 292 F. App'x 755 (10th Cir. Sept. 12, 2008) (Order Denying Certificate of Appealability and Dismissing Appeal).

Petitioner subsequently sought authorization to file a second or successive habeas petition pursuant to 29 U.S.C. § 2255 asserting he was actually innocent of Count Two because the evidence introduced at trial was insufficient to show he used the gun in connection with a drug offense. *United States of America v. Stover*, No. 11-6148 (10th Cir. June 14, 2011) (Order). Specifically, Petitioner argued the decision in *Watson v. United States*, 552 U.S. 74 (2007),[2] was a new law that proved his actual innocence within the meaning of 18 U.S.C. § 924(c)(1) and applied to his case retroactively. *United States of America v. Stover*, No. 11-6148 (10th Cir. June 14, 2011) (Order). Petitioner's motion was denied by the Tenth Circuit on June 14, 2011. *United States of America v. Stover*, No. 11-6148 (10th Cir. June 14, 2011) (Order); (D.E. 10-2). As reasons for the denial, the Tenth Circuit found *Watson* was not a "new" case as it was decided in 2007, did not constitute a "new rule of constitutional law" and instead "involved a question of statutory interpretation," and was not made retroactive to cases on collateral review. *Id.* the Tenth Circuit further found "*Watson*'s holding does not apply to the facts in Mr. Stover's case" as "he ultimately exchanged [a] gun for drugs." *Id.* The Tentch Circuit concluded Petitioner's "case falls squarely within the holding of the Supreme Court's decision in *Smith*" "which held that 'a criminal who trades his firearm for drugs 'uses' it during and in relation to a drug trafficking offense within the meaning of § 924(c)(1)." *Id.* (citing *Smith v. United States*, 508 U.S. 223, 241 (1993)).

On October 30, 2017, Petitioner filed the pending habeas action pursuant to 28 U.S.C. § 2241 asserting he is actually innocent of the firearm offense in Counts Two and Seven as he was convicted of trading drugs for a firearm, not a direarm for drugs, and *Watson* had

---

[2] In *Watson*, the Supreme Court held that a defendant cannot be convicted of "using" a firearm during the commission of a drug offense pursuant to 18 U.S.C. § 924(c) when he merely received it in exchange for drugs. 552 U.S. at 76, 83. The Court did not overrule existing precedent conversely holding that the act of trading a firearm for drug properly falls with[in] the ambit of § 924(c). *Id.* at 79–81 (distinguishing *Smith v. United States*, 508 U.S. 223 (1993).

not yet been decided at the time he initially sought relief pursuant to 28 U.S.C. § 2255. (D.E. 1).

M&R, Dkt. No. 13 at 1–3.

## II. Legal Standard

The Court adopts the Magistrate Judge's description of applicable law:

> A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 200) (internal citations omitted); *Moorehead v. Chandler*, 540 Fed. App'x. 458 (5th Cir. 2013).
>
> In contrast a § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack*, 218 F.3d at 451. A § 2255 motion must be filed in the sentencing court. *Id.*; *Eckles v. Chandler*, 574 Fed. App'x. 446 (5th Cir. 2014). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452; *Kinder v. Purd*, 222 F.3d 209, 212 (5th Cir. 2000) (same).
>
> Petitioner's pending habeas claim challenges the validity of his conviction and sentence on both Counts Two and Seven, rather than the execution of his sentence. Because Petitioner's complaint relates to the merits of his conviction, not to the interpretation or carrying out of his sentence by the Bureau of Prisons, Petitioner must challenge his sentence in the sentencing court through a § 2255 action unless he qualifies for relief pursuant to § 2255's savings clause, 28, U.S.C. § 2255(e).
>
> Petitioner may bring his claim pursuant to § 2241 by showing that § 2255 is inadequate to challenge the legality of his conviction. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000). The savings clause provides as follows:
>> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*
>
> 28 U.S.C. § 2255(2) (emphasis added).

> A petitioner must satisfy a stringent two-prong test before he may invoke the savings clause of § 2255(e). The savings clause applies to a claim (i) that is based upon a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, and (ii) that was foreclosed by circuit law at the time the claim should have been raised at trial, on appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Under such circumstances, it can be fairly said that the remedy by a successive § 2255 motion is inadequate.

M&R, Dkt. No. 13 at 4–5.

### III. Analysis

The Magistrate Judge concluded that Petitioner's habeas action should be dismissed because the Tenth Circuit has already found that *Watson* does not apply to Petitioner's case and there is insufficient evidence to conclude that the Tenth Circuit's finding was incorrect. M&R, Dkt. No. 13 at 5. Petitioner objects that the Tenth-Circuit opinion cannot be read as a controlling merits opinion because it was deciding a jurisdictional issue under a different standard, and alternatively that transcripts from Petitioner's trial show that he "was convicted for *exactly* what *Watson v. United States*, 552 U.S. 74 (2007) declared to be lawful: Stover traded his drugs for [a] gun." Dkt. No. 15 at 3.

The Court need not consider the issue of the Tenth Circuit's earlier opinion because the Court finds that Petitioner's case must be dismissed for a straightforward reason: his argument that he did not use a firearm in connection relation to a drug trafficking crime was not foreclosed by circuit law during his trial, appeal, and first § 2255 action. The Court therefore declines to adopt the Magistrate Judge's basis for dismissing Petitioner's habeas action.

Even assuming that Petitioner is right that he traded drugs for a firearm, Tenth-Circuit caselaw at the time of his conviction, appeal, and first § 2255 action did not foreclose him from arguing that this exchange does not constitute "use" of a firearm for purposes of 18 U.S.C. § 924(c)(1). Petitioner relies on a case from the Northern District of Oklahoma, *Jones v. United States*, which stated that before

*Watson*, "trading drugs for a gun was understood to constitute 'use' of the gun in violation of [§ 924(c)(1)]." 2008 U.S. Dist. LEXIS 37743, at *6 (N.D. Okla. May 8, 2008). The court cited one unpublished Tenth-Circuit opinion that concluded that a defendant had "used" a firearm when he attempted to obtain firearms by trading drugs for them. *United States v. Rayford*, 1996 U.S. App. LEXIS 21804, at *4-5 (10th Cir. Aug. 23, 1996) (finding that this constituted "bartering" a firearm).

A mere unpublished appellate opinion does not foreclose subsequent cases involving similar facts. Only "if an argument falls within the scope of, and is excluded by, a prior holding of a controlling case, [is it] foreclosed by that case." *Garland v. Roy*, 615 F.3d 391, 398 (5th Cir. 2010). *Rayford* was not a controlling case; it therefore did not foreclose an argument that trading drugs for weapons does not constitute "use" of a firearm. Petitioner has offered no further support for his contention that his current argument was foreclosed at the time of his trial, appeal, and first § 2255 action.

The Supreme Court apparently recognized that the Tenth Circuit had not yet decided the drugs-for-gun "use" issue when it decided *Watson*. In *Watson*, the Court stated that it had "granted certiorari to resolve a conflict among the Circuits on whether a person 'uses' a firearm within the meaning of [§ 924(c)(1)] when he trades narcotics to obtain a gun." *Watson*, 552 U.S. at 78. The Court then included a footnote describing which circuits had found that a drugs-for-gun trade constituted "use" and which had found that it did not. *Id.* at 78 n. 5. The Second and Tenth Circuits were not mentioned in the footnote, which indicated that they had not resolved the issue either way. *Id.* This further demonstrates that the Tenth Circuit had no controlling caselaw on the issue pre-*Watson*.

Petitioner's argument that his conduct did not constitute "use" of a firearm was therefore available to him at the time of his trial, appeal, and first § 2255 action. Because Petitioner has failed to show that his argument was previously foreclosed by Tenth-Circuit law, he does not meet the requirements of § 2255's savings clause and his habeas action must be dismissed.

## IV. Conclusion

Accordingly, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the M&R, Dkt. No. 13, **GRANTS** the government's motion to dismiss, Dkt. No. 10, and **DISMISSES** Petitioner's habeas action.

Final Judgment will be entered separately.

SIGNED this 14th day of May, 2018.

Hilda Tagle
Senior United States District Judge